UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON HAWKINS,

    Plaintiff,                                      Hon. Hala Y. Jarbou

v.                                                  Case No. 1:25-cv-506

JOYCE MEYER, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on May 2, 2025, against Joyce Meyer and Jimmy Swaggart. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

**ANALYSIS**

*Pro se* pleadings are liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the

speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss... Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff's complaint is confusing and difficult to understand. Plaintiff alleges that, on August 10, 2022, he came home with his wife to find someone urinated in their

bed. (ECF No. 1 at PageID.4). He also appears to allege that his wife has been kidnapped. (*Id.*) He next alleges that Defendants and two other individuals "had me railroad under race[.]" (*Id.*) He also claims that this Court has jurisdiction because the case involves a federal question and there is diversity of citizenship between the parties. (*Id.* at PageID.3).

Plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff does not allege a violation of federal law. For the basis for federal question jurisdiction in the complaint, Plaintiff wrote: "the power of the federal courts to hear and decide cases which is limited by the U.S. Constitution and federal statutes." (*Id.* at PageID.3). On the last page of the complaint, Plaintiff appears to identify the first twenty amendments to the Constitution without any further explanation. (*Id.* at PageID.6). Because Plaintiff does not allege a violation of federal law, the Court cannot exercise federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g., Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).

Likewise, the Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332 because and the amount in controversy is less than $75,000.00.[1] Plaintiff identified only $50,000.00 as the amount in controversy in the complaint. (ECF No. 1 at PageID.4).

---

[1] The Court notes that complete diversity may also be an issue. Plaintiff appears to be a citizen of Michigan. He alleges that Defendant Jimmy Swaggart is incorporated under the laws of Michigan but has a principal place of business in Baton Rouge, Louisiana. (ECF No. 1 at PageID.4).

There is no plausible interpretation of the allegations in Plaintiff's complaint which can establish that subject matter jurisdiction properly rests in this Court.  The Court, therefore, "must" dismiss this matter.  *See* Fed. R. Civ. P. 12(h)(3) "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Furthermore, Plaintiff's complaint fails to state a claim.  The only allegation specifically against Defendants is that they "had me railroad under race[.]"  (ECF No. 1 at PageID.4).  It is not clear what that means.  Plaintiff has failed to allege any facts which, if proven, would entitle him to relief against any Defendant.  Accordingly, the undersigned recommends that this matter be dismissed for failure to state a claim and lack of subject matter jurisdiction.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint, (ECF No. 1), be dismissed for failure to state a claim and lack of subject matter jurisdiction.  For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                    Respectfully submitted,

Date: May 7, 2025                                       /s/ Phillip J. Green
                                                          PHILLIP J. GREEN
                                                          United States Magistrate Judge